IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-00121-CR-W-BCW |
| | ) | |
| MATTHEW E. MADDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MADDEN'S REPLY TO GOVENRMENT'S OPPOSITION OF DEFENDANT MADDEN'S MOTION TO AMEND CONDITIONS OF RELEASE AND STAY IMPLEMENTATION OF DRUG RELATED CONDITIONS AND REQUEST FOR HEARING PURSUANT TO LOCAL RULE 99.5**

COMES NOW, defendant Matthew E. Madden, by and through counsel, Lesley D. Smith, Assistant Federal Defender for the Western District of Missouri and respectfully requests this honorable Court grant his Motion to Amend Conditions of Release.

*I.     The government concedes that statements made by Mr. Madden could come in at trial.*

The government, in its response, concurs with Mr. Madden on the most notable issue: information obtained from Mr. Madden through the course of substance abuse screening and treatment and drug testing could be used against Mr. Madden in trial. While the government believes that reliance on *United States v. Wilson*, 930 F.2d 616 (8th Cir. 1991), *United States v. Smith*, 973 F.2d 1374 (8th Cir. 1992) and *United States v. Issaghoolian*, 42 F.3d 1175 (8th Cir.

1994) is misplaced it correctly agrees with Mr. Madden that, statements made by the defendant to pretrial services officers in each of those three cases was used by the government for impeachment and this is precisely the reason Mr. Madden brought forth his Motion.

The conditions of release at issue in this matter, substance abuse treatment and drug testing, are not only forward looking, i.e. look only at drug usage *after* the imposition of the conditions of release, but rather look *backward* in time. Substance abuse screening and treatment cannot occur without first inquiring a about individual's history with controlled substances.

## II. *Whether an objection was made to the conditions of release at the time of the detention hearing is irrelevant.*

The government gives a great deal of attention to the detention hearing arguing that neither counsel nor Mr. Madden objected to the conditions of release that are issue when the conditions were imposed. The government fails to acknowledge a key factor: the detention hearing was held virtually with each person appearing from separate locations. While, the technology does allow participants to be placed a breakout room, it is not sufficient for meaningful consultation. More importantly, it ignores the fact that a request to amend conditions of release can be made under 18 USC § 3145(a).

## III. *Mr. Madden is neither violent nor a danger to the community.*

The government now believes that Mr. Madden is a danger to the community and that marijuana is linked to violent crime. At the detention hearing counsel for the government stated that the request for detention was only made because Mr. Madden stated he was homeless. The government asserts, without reason or a source, that protestors were said to have burned a wagon

outside of Kelly's bar in Westport on July 4, 2020. This alleged incident has no link to Mr. Madden. The conditions of Mr. Madden's release require him to abide by a curfew and not participate in further protests. There are no allegations that Mr. Madden has violated either of those conditions.

> IV.     *There is not a causal link between marijuana and violence.*

The government relies on *United States v. Carter*, for its proposition that there is a connection between marijuana and violence. 750 F.3d 462, 467-68 (Fourth Cir. 2014). In Carter, the Court, as cited by the government here, concludes that there is a link between marijuana and violence based on a 1992 study conducted by Harrison and Gfroerer.[1] In October 2013 The Office of National Drug Policy published *Improving the Measurement of Drug-Related Crime*[2] the study acknowledges that while many scholars have sought identify casual links of various drugs with various crimes the Office is, "unable to generate a credible range of estimates of the overall amount of crime that is causally attributable to drug use and supply."[3] It found that, "[e]ven though marijuana is commonly used by individuals arrested for crimes, there is little support for a contemporaneous, causal relationship between its use and either violent or property crime."[4] The study posits, "it is very difficult, statistically, to properly measure the drug attribution that is solely the result of drug use and distribution, independent of the drug policy context."[5] In particular it notes, that it is difficult to determine any link between crime and

---

[1] Lana Harrison & Joseph Gfroerer, *The Intersection of Drug Use and Criminal Behavior: Results from the National Household Survey on Drug Abuse*, 38 Crime & Delinquency 422, 433 tbl.4 (1992) (hereinafter Harrison & Gfroerer, *Intersection* ).

[2] Office of National Drug Control Policy (2013). Improving the Measurement of Drug Related Crime. Washington, DC: Executive Office of the President. https://obamawhitehouse.archives.gov/sites/default/files/ondcp/policy-and-research/drug_crime_report_final.pdf#page=131 Accessed July 20, 2020.

[3] Id at iii.

[4] Id at iv.

[5] Id at 31.

marijuana because marijuana is often used in conjunction with other drugs thereby making it inadvisable to attribute any one particular drug to any one particular crime.[6] This 2013 study analyzed data sets from numerous studies spanning decades concluding that, "marijuana use does not induce violent crime, and the links between marijuana use and property crime are thin."[7]

Never, has Mr. Madden stated this Court did not have the authority to impose these conditions of release. Mr. Madden has simply asserted that conditions of release, substance abuse screening and treatment and drug testing, relate directly to an element of the crime—"user" or "addict," that to comply with these conditions Mr. Madden would be required to disclose information about his past.

WHEREFORE, Mr. Madden requests this Court amend the conditions of release to represent the least restrictive means to assure Mr. Madden's appearance at Court, for a hearing and for such other relief as this Court deems necessary and proper.

Respectfully submitted,

/s/Lesley D. Smith
Lesley D. Smith
Assistant Federal Public Defender
1000 Walnut Suite 600
Kansas City, MO 64106
(816) 471-8282

**CERTIFICATE OF SERVICE**

---

[6] Id at xi.
[7] Id at 109-110.

It is CERTIFIED that the foregoing was electronically filed on this day of 21st day of July, 2020, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Lesley D. Smith
Lesley D. Smith