IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 20-00121-01-CR-W-BCW |
| ) | |
| MATTHEW E. MADDEN, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION TO DENY**
**DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss the Indictment Because 18 U.S.C. 922(g)(3) is Void for Vagueness (Doc. No. 30). Defendant moves the Court to dismiss the Indictment on grounds that the statute does not give fair notice or adequate warning of the prohibited conduct. For the following reasons, Defendant's motion should be denied.

### I. BACKGROUND

On June 9, 2020, an Indictment was returned in the Western District of Missouri charging Defendant with one count of being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On August 24, 2020, Defendant filed the instant motion to dismiss (Doc. No. 30). The Government filed its response on September 22, 2020 (Doc. No. 33).

### II. LEGAL ANALYSIS

Defendant maintains that the Indictment should be dismissed due to 18 U.S.C. § 922(g)(3) being unconstitutionally void for vagueness. Specifically, Defendant argues that the term "unlawful user" is facially vague in violation of the Due Process Clause. The Government opposes the motion, arguing Defendant cannot challenge the statute as facially vague without first

showing it is vague as applied to his own conduct. Because an as-applied challenge requires a finding of facts relevant to trial on the merits, the Government contends Defendant's motion should be denied as premature.

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016)(quoting Johnson v. United States, 135 S. Ct. 2551, 2556 (2015)). Under the void-for-vagueness doctrine there are two types of challenges; a defendant may argue that a statute is unconstitutionally vague on its face or vague as applied. United States v. Stupka, 418 F. Supp. 3d 402, 405-06 (N.D. Iowa 2019). Following the Supreme Court's decision in Johnson, a criminal defendant challenging the facial validity of a statute is no longer required to establish that "no set of circumstances exist[ed] under which the [statute] would be valid." United States v. Bramer, 832 F.3d 908, 909-10 (8th Cir. 2016)(quoting United States v. Stephens, 594 F.3d 1033, 1037 (8th Cir. 2010)). Eighth Circuit law does require, however, that a defendant first show the statute is vague as applied to his particular conduct. Bramer, 832 F.3d at 909-10 (citing United States v. Cook, 782 F.3d 983, 987 (8th Cir. 2015)("a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others")). District courts within this circuit have thus consistently relied on Bramer to deny facial challenges to Section 922(g)(3) raised in a pretrial motion to dismiss. See, e.g., United States v. Waldo, No. 19-03117-01-CR-S-RK, 2020 WL 22616736 (W.D. Mo. May 22, 2020)(adopting 2020 WL 2617134 (W.D. Mo. Jan. 22, 2020); United States v. Williams, No. 18-03100-01-CR-S-

2

RK, 2020 WL 2114372 (W.D. Mo. May 4, 2020)(adopting 2019 WL 8643794 (W.D. Mo. Dec. 4, 2019)); United States v. Blackard, No. 19-03102-CR-W-MDH, 2020 WL 353239 (W.D. Mo. Jan. 21, 2020)(adopting 2019 WL 7605893 (W.D. Mo. Dec. 4, 2019)); United States v. Garner, No. 17-03009-01-CR-W-BP, 2020 WL 96910 (W.D. Mo. Jan. 8, 2020)(adopting 2019 WL 7504863 (W.D. Mo. Dec. 4, 2019)); Stupka, 418 F. Supp. 3d at 413.

The result in this case should be no different. Here, Defendant has failed to argue or show that the term "unlawful user" of a controlled substance is vague as applied to his conduct. Until he has done so, Defendant is precluded from raising a facial challenge to Section 922(g)(3).

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss as premature.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

Date: October 27, 2020

                                                            /s/ *Jill A. Morris*
                                                            JILL A. MORRIS
                                                 UNITED STATES MAGISTRATE JUDGE